IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CLEOPATRA HARRISON,            )
                               )
Plaintiff,                     )
                               )        CIVIL ACTION
v.                             )
                               )        NO. 4:16-CV-329-CDL
CONSOLIDATED GOVERNMENT        )
OF COLUMBUS, GEORGIA, et. al., )
                               )
Defendants.                    )
                               )

**FINAL APPROVAL ORDER AND JUDGMENT**

Plaintiff has filed a motion for final approval (the "Motion for Final Approval") of a proposed settlement (the "Settlement") of the above-captioned class action (the "Action"). Cleopatra Harrison ("Plaintiff"), individually and on behalf of the class of persons she seeks to represent (the "Settlement Class" defined below), filed this action against Defendants Consolidated Government of Columbus, Georgia ("Columbus"), Michael Cielinski, John Darr, Ricky Boren, and Michael Lincoln (collectively "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"). Having fully considered the pending motion, the Court grants it and approves the parties' Class Action Settlement Agreement (the "Agreement" or the "Settlement Agreement"), finding and ordering as follows:

1.   Unless defined herein, all defined terms in this Final

Approval Order and Judgment shall have the respective meanings set forth in the Agreement.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.  The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order dated April 26, 2017, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4.  The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, arguments and representations submitted on behalf of the Plaintiff, Settlement Class Members, and Defendants. The Court has not received any objections from any person regarding the Settlement Agreement. The Court held a hearing on October 11, 2017, at which time the parties and objecting Settlement Class Members were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement.

5.  Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is

supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement Agreement is the result of arm's length negotiations, and the settlement benefits being made available to Settlement Class Members.

6.    Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following class:

> All persons who, at any time from October 5, 2014, through the date of the Settlement Agreement, were assessed or paid a "victim assessment fee" related to a proceeding in the Columbus Recorder's Court or any similar fee for dismissal or non-prosecution of a criminal action in the Columbus Recorder's Court, including but not limited to, any fees assessed or paid by any persons pursuant to former section 2.15.2(1) of the Columbus Code of Ordinances.

7.    Under Federal Rule of Civil Procedure 23(g), Cleopatra Harrison is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

Sarah Geraghty
Ryan Primerano
Southern Center for Human Rights
83 Poplar Street NW
Atlanta, GA 30303

Mark C. Post
Harp, Poydasheff, Post & Sowers, LLC
P.O. Box 1172
Columbus, GA 31902

8.    With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is

impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) the Court is satisfied with the Parties' representations that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (i) it is desirable to concentrate the claims in this forum; and (j) it is unlikely that there will be difficulties encountered in administering this Settlement.

9.    The Court has determined that the notice given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied

the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

10. All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

11. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

12. The Court orders Defendants to tender a check for the Settlement Funds to Class Counsel in accordance with the terms of the Settlement Agreement within 14 days of the date of this Order. The Court orders Class Counsel to distribute Settlement Funds to members of the Settlement Class within 14 days of receiving a check for the Settlement Funds from Defendants.

13. Within 30 days of the date of this Order, Class Counsel shall provide the Court with written notice confirming that the Settlement Funds were distributed, and shall move for an order dismissing this case with prejudice.

14. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or

litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

15. The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them.

16. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor

compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 15 above.

17.   The Court approves payment of attorneys' fees to Class Counsel in the amount of $15,000. These amounts shall be paid in accordance with the terms of the Settlement Agreement. The Court finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

18.   The Court approves the incentive fee payment of $5,000 for Cleopatra Harrison and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the Settlement Class. This amount shall be paid in accordance with the terms of the Settlement Agreement.

19.   Neither this Final Approval Order and Judgment nor the Settlement Agreement shall be construed or used as an admission or concession by or against either Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a

determination of any wrongdoing by Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendants.

20. To the extent that any checks to Settlement Class Members expire and become null and void, and to the extent that any undisbursed funds remain in the Settlement Fund for any other reason, any remaining funds shall be distributed as a *cy pres* award to the Columbus Alliance for Battered Women d/b/a Hope Harbour.

21. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

SO ORDERED, this 11th day of October, 2017.

s/Clay D. Land
CLAY D. LAND, CHIEF JUDGE
U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA